UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-75-KKC-MAS

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.                             **PLEA AGREEMENT**

AARON D. TOLES                                                                   DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 3 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The Defendant also admits the Forfeiture Allegations of the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1, 2, and 4.

2. The essential elements of Count 3 are:

    (a) First, the Defendant knowingly possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

    (b) Second, the Defendant intended to distribute the methamphetamine.

3. As to Count 3, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits that these facts are true:

1

(a) In early 2025, federal law enforcement officials identified the Defendant as a methamphetamine dealer in the Lexington, KY, area. All relevant conduct occurred in the Eastern District of Kentucky. On May 1, 2025, an undercover agent purchased approximately two pounds of methamphetamine from the Defendant, which lab-tested positive as methamphetamine. On May 8, 2025, the undercover agent had arranged a purchase of approximately five pounds of methamphetamine from the Defendant. As the sale was about to occur, law enforcement intercepted the Defendant in possession of the methamphetamine, which also lab-tested positive as methamphetamine. He dropped the bag, attempted to flee, and was apprehended.

(b) On May 8, 2025, law enforcement searched the Defendant's apartment pursuant to a search warrant. Officers located approximately 22 pounds of methamphetamine in the apartment, which also lab-tested positive as methamphetamine. The Defendant admits that he possessed and intended to distribute the methamphetamine located in his apartment. In total, the Defendant is responsible for approximately 12,462.94 grams (12.46 KG) of actual methamphetamine, a Schedule II controlled substance, as verified by the DEA Mid-Atlantic Laboratory. During the search, law enforcement also located a Taurus .380 caliber pistol, Model PT 738 TCP, serial number 1D126454, and assorted ammunition. The Defendant admits that he possessed this firearm.

4. The statutory punishment for Count 3 is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of not less than 5 years. A mandatory special assessment of $100 applies, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and all provided discovery materials.

(c) Pursuant to U.S.S.G. § 2D1.1(a)(5) & (c)(1), the base offense level is 38 because the Defendant is responsible for approximately 12.46 KG of methamphetamine (actual).

(d) Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the offense level by 2 levels because a dangerous weapon (including a firearm) was possessed.

(e) Pursuant to U.S.S.G. § 2D1.1(b)(12), increase the offense level by 2 levels because the Defendant maintained a premises for the purpose of distributing a controlled substance.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory minimum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 9/24/25    By: *[signature]*
James T. Chapman
Assistant United States Attorney

Date: 09/24/25                  _____
                                Aaron D. Toles
                                Defendant


Date: 9/24/25                   _____
                                Jeffrey C. Rager
                                Attorney for Defendant